PER CURIAM.
Appellants seek review of an order denying their motion for judgment in accordance with the motion for a directed verdict in this medical malpractice action. They argue that the evidence presented at trial was legally insufficient to establish that any negligence on the part of appel *1151 lant Stewart was the proximate cause of appellees’ loss, injury or damage. Having carefully reviewed the record, we conclude that it contains competent, substantial evidence from which a reasonable jury could have found that, but for appellant Stewart’s negligence, appellees’ baby more likely than not would have been born alive and healthy, rather than stillborn. See, e.g., Gooding v. Univ. Hosp. Bldg., Inc., 445 So.2d 1015, 1018 (Fla.1984) (“In negligence actions Florida courts follow the more likely than not standard of causation and require proof that the negligence probably caused the plaintiffs injury”). Accordingly, we affirm. See Tanner v. Hartog, 696 So.2d 705 (Fla.1997) (parents may recover damages for mental pain and anguish and medical expenses incurred incident to pregnancy when their child is stillborn as the result of negligence of another).
AFFIRMED.
BOOTH, WEBSTER and PADOVANO, JJ., CONCUR.